y

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAYADE MACEO AGUILERA,<br><br>Petitioner,<br><br>v.<br><br>THE CITY OF HOLTVILLE, CA, et al.,<br><br>Respondents. | Case No.:  26cv532-LL-MSB<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND** |

Petitioner Nayade Maceo Aguilera is a detainee in the custody of the U.S. Department of Homeland Security, Immigration and Customs Enforcement. On January 28, 2026, she filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1 ("Pet."). Petitioner brings this action against the following Respondents: The City of Holtville, CA, owner of the Imperial Regional Detention Center, Daniel A. Brightman, Director of the U.S. Immigration and Customs Enforcement San Diego Field Office, Todd Lyons, acting Director of U.S. Immigration and Customs Enforcement, Kristi Noem, Secretary of the U.S. Department of Homeland Security, and Pam Bondi, U.S. Attorney General. *Id.*

Petitioner is a citizen of Cuba who was paroled into the United States on December 23, 2024, with her parole continuing through December 21, 2026. *Id.* ¶ 3. Petitioner was

26cv532-LL-AHG

detained by ICE on July 29, 2025. *Id.* ¶¶ 3. Petitioner alleges that "[a]t the time of her detention on July 29, 2025, Petitioner's parole remained valid and in effect through December 21, 2026, and she had received no revocation of parole and, to her knowledge, no revocation of parole was issued prior to her July 29, 2025 detention." *Id*. ¶ 3. Petitioner alleges that her detention violates the Fifth Amendment's Due Process Clause and the applicable parole statutes and regulations including 8 U.S.C. § 1182(d)(5)(A) and 8 C.F.R. § 212.5(e). *Id.* ¶¶ 46-66. She seeks a writ of habeas corpus directing Respondents to release her from custody or in the alternative order an individualized bond hearing. *Id.* at 16-17.

As a threshold matter, the Court finds that Petitioner has failed to name the warden of the facility where she is detained, as required by 28 U.S.C. § 2243. Therefore, the Court lacks jurisdiction to hear the Petition. *See Mukhamadiev v. U.S. Dep't of Homeland Security*, No. 25-cv-1017-DMS-MSB, 2025 WL1208913, at *3 (S.D. Cal. Apr. 25, 2025) ("[T]he Court cannot exercise jurisdiction over [petitioner's] Petition so long as he fails to name as respondent the warden of the detention facility where he is being detained.").

Based on the foregoing, the Court **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), **WITH LEAVE TO AMEND**. Within **thirty (30) days** of entry of this Order, Petitioner may file an amended petition curing the deficiencies noted above. If Plaintiff fails to amend within the time provided, the Court will enter a final order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

**IT IS SO ORDERED.**

Dated:  January 28, 2026

_____
Honorable Linda Lopez
United States District Judge

2

26cv532-LL-AHG