1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11    NAYADE MACEO AGUILERA,                    Case No.:  26cv532-LL-MSB

12                                 Petitioner,
                                                **ORDER GRANTING IN PART**
13    v.                                        **AMENDED PETITION FOR WRIT**
                                                **OF HABEAS CORPUS**
14    THE CITY OF HOLTVILLE, CA, et al.,
                                                **[ECF No. 3]**
15                                 Respondents.

16
17
18

19          Presently before the Court is Petitioner Nayade Maceo Aguilera's Amended Petition

20    for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 3 (hereinafter "Pet.").

21    Also before the Court is Respondents' Response to Petition ("Response," ECF No. 6) and

22    Petitioner's Traverse ("Traverse," ECF No. 7).  For the reasons set forth below, the Court

23    **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus.

24    **I.      BACKGROUND**

25          Petitioner, a citizen of Cuba, was paroled into the United States through the San

26    Ysidro Port of Entry on December 23, 2024, with her parole continuing through December

27    21, 2026. *Id.* ¶¶ 21, 22. Petitioner states that she was arrested on July 29, 2025, during an

28    apparently routine traffic stop, and taken into immigration custody at the Imperial Regional

Detention Facility where she has now been held for more than five months. Pet. ¶¶ 23. Petitioner states that she did not receive any notice of termination of her parole status, nor was she provided with notice that her parole would be terminated, or the opportunity for a hearing on whether she is a danger or a flight risk. *Id.* ¶ 28. Petitioner states that she has lived in the United States with the expectation that she would not be subject to re-detention if she did not violate the law. *Id.* ¶ 25. She is seeking several forms of relief before the immigration court, including adjustment of status and a pending application for asylum and for withholding of removal. *Id.* ¶ 26. Although Petitioner does not have family in the United States, she has significant ties through close friendships and a long-term relationship with her boyfriend, who is a lawful permanent resident. *Id.* ¶ 27. She has also been steadily employed, having worked for two different cleaning companies while in the U.S. *Id.* In sum, she states that she has "demonstrate[ed] her willingness and ability to support herself lawfully and contribute to her community." *Id.* Petitioner argues in the instant Petition that her detention without notice or an opportunity to be heard violates the Parole Statute at 8 U.S.C. § 1182(d)(5)(A) and the related parole regulations, and the Due Process Clause. *Id.* ¶¶ 47-67.

## II.    LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(a).  The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals.  *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).  However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court.  *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*,

1 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal.
2 2018) (citations omitted).

3   III.   DISCUSSION

4   A.   Due Process

5       Petitioner argues that the summary revocation of her parole without notice or a
6 hearing violates the Due Process Clause.  Pet. ¶¶ 56-67.  The Court agrees.

7       The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life,
8 liberty, or property, without due process of law."  U.S. Const. amend. V.  "[T]he Due
9 Process Clause applies to all 'persons' within the United States, including aliens, whether
10 their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533
11 U.S. 678, 693 (9th Cir. 2001).  "[I]t is well established that the Fifth Amendment entitles
12 aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292,
13 306 (1993).  The Due Process Clause generally "requires some kind of a hearing before the
14 State deprives a person of liberty or property."  *Zinermon v. Burch*, 494 U.S. 113, 127
15 (1990).  "Even individuals who face significant constraints on their liberty or over whose
16 liberty the government wields significant discretion retain a protected interest in their
17 liberty."  *Pinchi v. Noem*, No. 25-cv-5632-PCP, 2025 WL 2084921, at *3 (N.D. Cal. July
18 25, 2025) (citations omitted). Although the initial decision to detain or release an individual
19 may be within the government's discretion, "the government's decision to release an
20 individual from custody creates 'an implicit promise,' upon which that individual may rely,
21 that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of
22 release].'" *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Thus, even when
23 ICE has the initial discretion to detain or release a noncitizen pending removal proceedings,
24 after that individual is released from custody [he] has a protected liberty interest in
25 remaining out of custody." *Pinchi*, 2025 WL 2084921, at *3 (citing *Romero v. Kaiser*, No.
26 22-cv-20508, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

27       Respondents in their Response acknowledge that in light of *Maldonado Bautista*,
28 Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing. *See*

Response at 2. However, the Court finds that the relief Petitioner is entitled to is not limited to a bond hearing. Petitioner was paroled into the United States, and at that time was determined to not be a danger to the community or a flight risk and was released. Pet. ¶ 22. Petitioner has complied with all conditions of her release and has been a law-abiding citizen. *Id.* ¶ 4. Petitioner has been steadily employed and developed community ties and is in a relationship with a lawful permanent resident. *Id.* ¶ 27. Accordingly, Petitioner has a protected liberty interest in remaining out of custody. *See, e.g.*, *Pinchi*, 2025 WL 2084921, at *4 ("[Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria."); *Noori*, 2025 WL 2800149, at *10 ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."); *Matute v. Wofford*, No. 25-cv-1206-KES-SKO (HC), 2025 WL 2817795, at *5 (E.D. Cal. Oct. 3, 2025) (finding petitioner had a protected liberty interest in his release).

As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before she can be deprived of that interest. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court must apply the *Matthews* factors. *See Matthews*, 424 U.S. at 335. Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the [g]overnment's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

The Court finds that all three factors support a finding that the government's revocation of Petitioner's parole without notification, reasoning, or an opportunity to be

heard, denied Petitioner of her due process rights.  First, as discussed above, Petitioner has a significant liberty interest in remaining out of custody pursuant to her parole.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas*, 533 U.S. at 690.  Petitioner has an interest in remaining with her community, working, getting the appropriate medical care that she needs for her and continuing the process of seeking asylum.  *See Morrissey*, 408 U.S. 471 at 482 ("Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life.").

Second, the risk of an erroneous deprivation of such interest is high as Petitioner's parole was revoked without providing her a reason for revocation or giving her an opportunity to be heard.  Pet. ¶¶ 23, 28.  Since the initial determination that Petitioner should be paroled because she posed no danger to the community and was not a flight risk, there is no evidence that these findings have changed.  *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1760 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.").  Petitioner has no criminal record, has not been arrested or otherwise in criminal trouble, has an established community, and is working towards asylum status.  Pet. ¶¶ 4, 27.  "Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings." *Saravia*, 280 F. Supp. 3d at 1760.  "Rather, the federal agents must be able to present evidence of materially changed circumstances— namely, evidence that the noncitizen is in fact dangerous or has become a flight risk. . . ." *Id.*

Respondents, failing to address Petitioner's Due Process argument in their response, do not point to any material circumstances that have changed that would warrant reconsideration of her parole.  *See generally* Response.  "Where, as here, 'the petitioner has not received any bond or custody hearing,' 'the risk of an erroneous deprivation of liberty is high' because neither the government nor [Petitioner] has had an opportunity to

26cv532-LL-AHG

determine whether there is any valid basis for [his] detention." *Pinchi*, 2025 WL 2084921, at *5 (quoting *Singh v. Andrews*, No. 25-cv-801-KES-SKO (HC), 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025)).

Third, the government's interest in detaining Petitioner without notice, reasoning, and a hearing is "low." *See Pinchi*, 2025 WL 2084921, at *5; *Matute*, 2025 WL 2817795, at *6; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 22, 2019) ("If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."). Respondents fail to point to any burdens on the government if it were to have provided proper notice, reasoning, and a pre-deprivation hearing. *See generally* Response

Therefore, because Respondents detained Petitioner by revoking her parole in violation of the Due Process Clause, her detention is unlawful. *See, e.g.*, *Alegria Palma v. Larose et al.*, No. 25-cv-1942 BJC (MMP), slip op. at 14 (S.D. Cal. Aug. 11, 2025) (granting a TRO based on a procedural due process challenge to a revocation of parole without a pre-deprivation hearing); *Navarro Sanchez*, 2025 WL 2770629, at *5 (granting a writ of habeas corpus releasing petitioner from custody to the conditions of her preexisting parole on due process grounds).[1]

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 3), and **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of her preexisting parole. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of her parole and a hearing before a neutral decision maker to determine whether detention is warranted. The government shall bear the burden of

---

[1] The Court need not address Petitioner's remaining claims because the Petition can be resolved on due process grounds.

26cv532-LL-AHG

1  establishing, by clear and convincing evidence, that Petitioner poses a danger to the

2  community or a risk of flight.[2]

3  **IT IS SO ORDERED.**

4  Dated:  February 11, 2026

5

6  Honorable Linda Lopez
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 _____

27  [2] This relief has been granted in similar matters.  *See, e.g.*, *Matute*, 2025 WL 2817795, at *8; *Pinchi*, 2025
    WL 2084921, at *5; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1097 (E.D. Cal. 2025); *Martinez Hernandez*
28  *v. Andrews*, No. 25-CV-1035 JLT HBK, 2025 WL 2495767, at *14 (E.D. Cal. Aug. 28, 2025).

26cv532-LL-AHG